HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR21-191RAJ |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| JAMAL GARDNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER comes before the Court upon the defendant's Motion for Review and Appeal of Detention Order (Dkt. 40) and Motion for Emergency Hearing (Dkt. 44).  The Court has considered the motions and the files and pleadings herein, including the report prepared by Pretrial Services prior to the original detention hearing in this matter. The Court finds oral argument unnecessary and further finds that a hearing is unwarranted.  The defendant's motions are **DENIED** for the reasons explained herein.

## I.    BACKGROUND

The original detention hearing was held before Magistrate Judge S. Kate Vaughan on November 2, 2021.  Dkt. 9.  At that hearing, the defendant was ordered detained and remanded to custody.  Dkt. 10.  The defendant entered a guilty plea on January 5, 2022.  Dkt. 25.  On January 10, 2022, he filed a Motion to Reopen Detention

Hearing and for Temporary Release, which was referred by this Court to Judge Vaughan for her consideration.  Dkt. 29.  On January 11, 2022, the defendant filed an Emergency Supplement to Motion to Reopen Detention Hearing for Temporary Release, requesting an immediate hearing.  Dkt. 30.  On January 12, 2022, Judge Vaughan entered a minute order denying the defendant's motion for an immediate emergency hearing and setting a briefing schedule on his Motion to Reopen Detention Hearing.  Dkt. 32.  On January 28, 2022, after considering the parties' briefing, Judge Vaughan denied the defendant's Motion to Reopen Detention Hearing.  Dkt. 39.

Now before the Court is the defendant's motion for review and appeal of detention order (Dkt. 40) and his request for a hearing on an emergency basis.  Dkt. 44.

## II.      DISCUSSION

### A.      Legal Standard for Review of Detention Order

The defendant has moved to revoke the detention order and reopen the detention hearing so that he may argue for release on an appearance bond.  Specifically, he seeks a permanent or temporary release with conditions he has proposed as adequate.  As noted, the defendant has previously entered a plea of guilty and is awaiting sentencing. Having been convicted of unlawfully possessing firearms, 18 U.S.C. § 3143(a)(1) requires that he be detained pending sentencing unless the Court: "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b)( or (c)."

Title 18 U.S.C § 3145(b) authorizes review of a judicial officer's detention order and § 3145(c) permits the judicial officer to release a defendant in Mr. Gardner's circumstances "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The defendant contends the government's analysis is flawed and argues the "appellate standard of review" of 18 U.S.C. § 3145(c) instead of a "review of a detention order" under 18 U.S.C. § 3145(b) should apply.

This is perplexing as the caption of the defendant's motion reads that he seeks review and appeal of the detention order.  Dkt. 40.  Under either analysis, the defendant's motion is denied for the reasons that will be explained.

**B.   Defendant Has Failed to Meet the Clear and Convincing Test.**

The defendant entered a plea of guilty and a presumption of detention exists which requires him to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community.  18 U.S.C. § 3143.  The evidence posited by defendant is that his release plan provides clear and convincing evidence that he is not likely to flee or pose a danger.  He contends that he has new information that warrants a detention hearing.  Specifically, he argues that he has gained admission for inpatient treatment at Pioneer Center North (PCN) and has a place to live with a proposed third-party custodian, who has been vetted by the United States Probation Office.  Because this information was unknown at the time of his detention hearing, the defendant argues it should be reopened.

First and foremost, the Court applauds the defendant's desire to seek treatment and begin anew, hopefully living a life free of his addiction. The defendant, however, is asking this Court to ignore behavior that served as the basis for his current charge as well as his prior history with the justice system.

The defendant sold three firearms to an undercover ATF agent, the description and details of which are reflected in the government's filing.  Dkt. 41.  The discussions the defendant had with the agent clearly reflected his familiarity with the weapons and his desire to withhold the sale of a pistol grip shotgun he represented he needed for protection.  Dkt. 41, at 3.  Each of these weapons were dangerous weapons.

The defendant's dangerousness was also reflected when he was arrested on October 29, 2021 following a 911 call regarding an assault of a 54-year-old man by a male named "LA." The "LA" moniker was also attributed to the defendant as fact in his plea agreement. Dkt. 27, at 5. Although the defendant denied he assaulted anyone, the government represents the victim positively identified Mr. Gardner as the individual who assaulted him, but was too frightened to file charges because he believed the defendant would retaliate against him. These recent events demonstrate the defendant's dangerousness. This conduct occurred just a few months before the defendant's desire to seek treatment and be released under his current motion.

The Court has reviewed and balanced the defendant's request against his extensive criminal history and performance while under court supervision. These two aspects of his continued criminal behavior dictate against release. His criminal history includes:

      1.    2001 conviction for Rape in the Third Degree for which he was sentenced to 13 months in custody;

      2.    2006 conviction for Taking a Motor Vehicle Without Permission in the Second Degree, for which he was sentenced to 12 months and one day;

      3.    2008 convictions (2) for Assault in the Second Degree-Strangulation, for which he was sentenced to 84 months;

      4.    2015 conviction for Failure to Register as a Sex Offender, for which he was sentenced to 35 months;

      5.    2016 conviction for Possession of a Stolen Vehicle for which he was sentenced to 35 months, which included two counts of Forgery in the Second Degree, Possession of Stolen Property, and Identity Theft in the Second Degree; and

      6.    2017 conviction for Violation of the Uniform Controlled Substances Act for which he was sentenced to 18 months.

This record of convictions does not include all of the defendant's consistent criminal history for various crimes, but this recitation is sufficient to demonstrate the consistency of his criminal conduct and significant danger to the community.

The Pretrial Services Report details the defendant's performance on supervision and responsiveness to past court orders.  Specifically, the report indicates that no less than 25 warrants have been issued for failure to appear or failure to comply with court orders, and the defendant has one conviction for escape.  The report further notes that the defendant has 25 expired or terminated no-contact orders.  And last, that he has been supervised three times between 2004 and 2020, with a total of 16 violation processes for failure to report to the officer, failure to report a change of address, possessing heroin, possession of a firearm, possessing ammunition, obstruction of a Department of Corrections officer in their duties, methamphetamine use on multiple occasions, and resisting a Department of Corrections officer's arrest that concluded with the use of a taser.  According to this same report, the defendant's last incarceration record with the State between 2017 and 2019 evidence 18 negative, two neutral and 1 positive "behavior observation" entries.  This aggravated history of non-compliance with supervision clearly militates against this Court finding that the defendant has come close to presenting clear and convincing evidence he is not a flight risk or danger to the community.

The Pretrial Services Report also documented that officer's communication about Mr. Gardner's last supervision report.  The officer notes there was never a period of stability during Mr. Gardner's last supervision period, with numerous notes documented about him not attending substance use disorder treatment, nor taking mental health medications, not having a stable address, and difficulties keeping his sex offender registration up to date.  The notes also indicate that the "overall theme" of his

last term of supervision was that he was provided a large number of services and did not take advantage of them.

At this juncture Mr. Gardner advances for the Court's consideration his release to participate in inpatient drug treatment at Pioneer Center North with three different post-treatment release options.  Dkt. 29.  None of these or combination of these proposals meet his burden of showing by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.  This determination is made taking into consideration the defendant's request for temporary release.  No hearing is necessary to address his request for release based upon his history and record of non-compliance with supervision.

The defendant has also raised his health concerns and fear of contracting COVID-19 or other variant at the Federal Detention Center.  This request is also denied.  First, the COVID-19 numbers are dramatically lower than those that existed in recent times.  As of the date of this Order, the facility records show only three inmates positive, 0 staff positive, 0 inmate deaths, 0 staff deaths, 240 inmates and 76 staff recovered. (FDC Records as of March 8, 2022).

Second, the Court does not dispute that the defendant suffers from Type 2 diabetes and stage I hypertension, but his medical records reflect these conditions are being monitored and treated.  Moreover, his deep vein thrombosis has also been addressed and has been determined to be in remission.  Dkt. 35, at 14-16, 18, 23, 53, and 67.

Independent of the health status of Mr. Gardner, this Court agrees and adopts the reasoning of Magistrate Judge Vaughan that the defendant's fear of becoming infected with COVID-19 does not support the reopening of a detention hearing because "the governing legal standard is *not*…the harms that [a defendant's] incarceration [might] cause (however substantial), but rather the danger that would be posed *by the person's*

1   *release."* United States v. Gale, No. CR20 WL2098200 at *3 (W.D. Wash. May 1,

2   2020) (remaining citations omitted).  Dkt. 39, at 5.

3          In light of this record, there is no basis to conduct a hearing to address these or

4   any other concerns raised in the defendant's motions.

5          For these reasons, the defendant's motions are **DENIED.**

6

7          DATED this 8th day of March, 2022.

8

9

10

11

12          The Honorable Richard A. Jones
            United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 7