The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMAL GARDNER, <br><br> Defendant. | NO. 2:21-cr-00191-RAJ <br><br> ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Jamal Gardner's Motion to Reduce Sentence for Compassionate Release. Dkt. 130. Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Gardner is an inmate currently detained at United States Penitentiary Victorville, with a projected release date of February 28, 2025. On January 5, 2022, Mr. Gardner entered a plea of guilty to one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g). Dkt. 27.

ORDER - 1

On April 8, 2022, this Court sentenced Mr. Gardner to a custodial term of twelve months and one day, to be followed by three years of supervised release. Dkt. 51. After he was released from custody, Mr. Gardner committed a series of violations of the conditions of his supervision and is currently serving a custodial sentence of fourteen months on the supervised release violations. He is now seeking to be released immediately to home confinement or to a Seattle-area residential re-entry center on medical grounds. Dkt. 130.

## II. DISCUSSION

### A.     Legal Standard for Compassionate Release

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Consistent with that principle, 18 U.S.C. § 3582(c) provides an exception to that rule and permits this Court to reduce a sentence if the defendant can show four things:

First, that he exhausted administrative remedies by requesting relief from his warden. The administrative-exhaustion requirement "is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Second, that "extraordinary and compelling reasons warrant such a reduction," or that he is at least 70 years old and has served at least 30 years in prison.

Third, "that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

Fourth, that "the factors set forth in section 3553(a) to the extent that they are applicable" weigh in favor of his release.

A defendant has the burden to establish all four of these requirements. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). And the failure to establish *any*

"extraordinary and compelling" reason allows the court to deny the motion without assessing the § 3553(a) factors; so too, a district court may deny a motion if it concludes that release is unwarranted under the § 3553(a) factors without considering whether the defendant has established extraordinary or compelling circumstances under the statute. *Keller*, 2 F.4th at 1284.

As originally enacted, Section 3582(c)(1)(A) authorized only the Director of the Bureau of Prisons to move for a sentence reduction based on extraordinary and compelling circumstances. The First Step Act of 2018 amended section 3582(c)(1)(A) to allow defendants to file motions to reduce their own sentences. After that amendment, the Ninth Circuit held that the Sentencing Commission's then-current policy statement USSG § 1B1.13 was not an "applicable policy statement" to defendant-filed motions because it predated the amendment that authorized courts to consider defendant-filed motions. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

In April 2023, the Commission adopted proposed amendments to USSG 1B1.13 that take account of the amendment to section 3582(c)(1)(A) that allows defendant-filed motions. *See* https://www.ussc.gov/sites/default/files/pdf/amendment process/readerfriendlyamendments /20230405 prelim-RF.pdf. Those amendments were submitted to Congress in May 2023 and took effect on November 1, 2023. See 28 U.S.C. § 994(p).

The amended policy statement is thus now an applicable policy statement that binds courts considering defendant-filed motions for a reduction in sentence under Section 3582(c)(1)(A).

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Gardner's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

On May 2, 2024, Mr. Gardner submitted an Informal Resolution Form (BP-8) to his correctional counselor and unit manager, which was responded to by both on May 9, 2024. Dkt. 131, Ex. 2. Mr. Gardner did not direct his BP-8 form to the warden of his institution nor did he make a request for compassionate release. Instead, he focused solely on his concerns regarding the untimeliness of delivery of his legal mail. In his motion for compassion release, Mr. Gardner requests that the Court waive the administrative remedy process due to the imminent nature of his health concerns. Dkt. 130. Although Mr. Gardner has not presented compelling evidence he has exhausted his administrative remedies, the Court nevertheless turns to the merits of his motion.

C. **Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Gardner's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i). To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Gardner bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Gardner argues that he should be released based on his various health issues, specifically congestive heart failure, deep vein thrombosis, pulmonary embolism, hypertension, Type 2 diabetes, neuropathy, rectal bleeding, and dental pain. Dkt. 130. Mr. Gardner claims that, due to staffing shortages, the Bureau of Prisons (BOP) is unable to provide adequate medical care to him. Dkt. 130.

The government does not dispute that Mr. Gardner has various medical issues, but points out that many inmates have medical problems, and that the courts have recognized that chronic health issues that can be managed in prison do not constitute a basis for compassionate relate. Dkt. 134.

The Court agrees with the government. The medical records submitted provide evidence that the BOP is monitoring and managing Mr. Gardner's medical conditions.

He is seen and treated by medical staff on a regular basis, is prescribed medication as necessary, and at the time the motion was submitted was scheduled to undergo a colonoscopy. Dkt. 131. Mr. Gardner has not presented evidence that his care has been inadequate or that his medical conditions are outside the norm of the types of issues routinely handled by the BOP.

### D. Safety of Others and Other 18 U.S.C. § 3553(a) Sentencing Factors

The Court next turns to whether Mr. Gardner presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Conspicuously absent from Mr. Gardner's motion is any direct analysis on whether he is currently a danger to the community. The government opposes Mr. Gardner's immediate release and argues that a reweighing of the § 3553(a) factors, particularly the nature, circumstances, and seriousness of his offense, does not provide a basis for the Court to reduce the sentence originally imposed. The government highlights the serious nature of Mr. Gardner's instant offense and his extensive criminal history. The underlying offense for which he served his original sentence which serves as the basis for imposition of the current custodial time for his supervised release violation relates to his illegal possession and sale of multiple firearms to an undercover agent, and his apparent willingness to facilitate additional firearms sales. His criminal history involves multiple convictions for violent crimes, including rape and assault by

strangulation. He also has convictions for failure to register as a sex offender and identity theft. He has exhibited a lack of respect for the law by amassing 25 warrants for failure to appear or failure to comply with court orders, entry of 25 no-contact orders, and 16 violations of his supervised release or probation. Such violations included committing new crimes while under court supervision. He has been discharged from multiple residential re-entry centers due to his threatening behavior toward staff. Dkt. 134.

In determining whether to grant Mr. Gardner's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A). All of these factors were addressed at sentencing and at the final disposition hearing on revocation of supervised release, and nothing has been presented to convince this Court that the custodial time imposed should be altered in any manner.

### III.  CONCLUSION

For the foregoing reasons, Defendant Jamal Gardner's motion for compassionate release is **DENIED**.

DATED this 21st day of February, 2025.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge